UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADORA C. DOMINGUEZ, | No. C 07-4812 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | **Re: Plaintiff's Motion for Award of Attorney's Fees** |
| Defendant. | |

On March 27, 2009, the court entered a judgment remanding this action to the Social Security Administration for further proceedings consistent with an order issued the same date. Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner disputes plaintiff's entitlement to the amount of requested EAJA fees. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

On September 20, 2007, plaintiff filed this appeal from a final administrative decision denying plaintiff's claims for Social Security Disability Benefits. *See* Docket No. 1 (Complaint). In order to litigate her case, plaintiff entered into a contingency fee agreement with her attorney that provided for a fee of twenty-five percent of plaintiff's past-due benefits in the event that plaintiff prevailed in district court. *See* Docket No. 23 (Rizzo Dec.), Exh. A (Contingency Fee Agreement).

1 Plaintiff also agreed that plaintiff's attorney would be able to seek attorney's fees, costs and
2 expenses pursuant to the EAJA. *Id.* Under the terms of the agreement, plaintiff assigned any court
3 awarded EAJA attorney's fees directly to her attorney. *Id.* On March 27, 2009, the court granted in
4 part and denied in part plaintiff's motion for summary judgment and remanded the proceedings to
5 the administrative law judge for further proceedings. *See* Docket No. 19 (Memorandum and Order)
6 at 16. Plaintiff now requests attorneys' fees, costs and expenses under the EAJA to be paid directly
7 to plaintiff's attorney.

LEGAL STANDARD

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides in relevant part that "fees and other expenses" should be awarded to a "prevailing party . . . in any civil action (other than cases sounding in tort) . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A "substantially justified" position "must have a reasonable basis both in law and in fact." *United States v. Real Property at 2659 Roundhill Drive*, 283 F.3d 1146, 1151 (9th Cir. 2002) (internal quotation marks omitted). The "position of the United States" is defined under the EAJA as not only its litigation position in the civil action but also the government actions upon which the civil suit is based. *See* 28 U.S.C. § 2412(d)(2)(D); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001). The party seeking the award of fees and costs must apply for such an award within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

The court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In making its determination, the court should provide a concise but clear explanation of its reasons for the fee award. *Hensley*, 461 U.S. at 437. When considering a fee application under the EAJA, the most useful starting point for determining the fees is the number of hours reasonably expended on the

2

litigation multiplied by a reasonable hourly rate. *Id.* at 433. In the instant action, the parties dispute only the reasonable number of hours from 2008.

DISCUSSION

Plaintiff initially requested an award of fee and costs in the amount of $9,624.64, based on the product of seven hours of work at a rate of $166.46 per hour, forty-eight hours of work at a rate of $172.85 per hour, and costs of $162.62. The Commissioner contends that the hours claimed by plaintiff's counsel are inappropriate and excessive, and that the award should be reduced by at least $2,635.20. The Commissioner does not dispute the reasonableness of the hourly rate of $166.46 for work completed in 2007, the hourly rate of $172.85 for work completed in 2008, or the costs claimed by plaintiff. Nor does the Commissioner dispute that plaintiff is the prevailing party in the case. The Commissioner argues that the amount requested is unreasonable and that the total hours in 2008 should be reduced by fifteen and one quarter hours. He advances three bases for the requested reduction: (1) Social Security cases are routinely litigated in forty hours or less; (2) plaintiff's attorney should only be allotted forty-five minutes per each page she prepares for motions and replies; and (3) attorney's fees may not be recovered for clerical tasks that are not traditionally performed by an attorney.

As to the first argument, the court notes that each Social Security case is different. The instant case presented several issues, two of which the court found to merit remand. Arbitrarily limiting compensation to no more than forty hours in every case is unwarranted. The court should review the submitted work log to determine the reasonableness of hours requested. *Hensley*, 461 U.S. at 433. Plaintiff's initial request of compensation for fifty-five hours is not uncharacteristically excessive.

In regards to the Commissioner's second contention, he points out that in *Bosca v. Astrue*, Case No. C 06-2364, 2009 WL 691048 at *3 (N.D. Cal. Mar. 11, 2009) (Fogel, J.), the court sua sponte reduced plaintiff's request for compensation for time spent preparing an eight-page brief from twelve hours to six hours. The Commissioner argues that the ratio of forty-five minutes per page

3

used in that case should be mechanically applied here. The court declines to do so. The plaintiff's attorney in *Bosca* was the same attorney as in this action, but *Bosca* reflects a different litigation involving a different set of facts.

As to the Commissioner's third argument, a party may seek compensation for clerical work but not at an attorney rate simply because an attorney completes the work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("It is appropriate to distinguish between legal work . . . and investigation, clerical work . . . and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.") (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)). Plaintiff's lawyer is a solo practitioner who does not hire administrative help for clerical tasks. While it is appropriate for her to bill for the time and cost of completing such tasks, the hourly rate must be reduced to accord with the nature of the tasks. Tasks such as filing a motion do not require any legal skill, and plaintiff provides no alternative lower hourly rate appropriate for such tasks. Accordingly, the Court will adjust the award by deducting 0.5 hours from the total for the following, to account for the portion represented by the filing of documents:

| | | |
|---|---|---|
| 3/24/08 | Drafted, finalized & filed AMJ | 5.75 |
| 6/12/08 | Legal research for reply; drafter, finalized & filed reply brief | 6.75 |

In her reply brief, plaintiff's counsel requests compensation for the additional time spent preparing the reply brief, five hours. Given the length and content of the reply brief, plaintiff's request is reasonable, as is her request for an additional $3.80 in costs.

///
///
///
///
///
///

4

CONCLUSION

For the reasons set forth above, plaintiff's application for attorneys' fees and costs is GRANTED, with the reduction described above to account for certain clerical tasks. Plaintiff initially requested $9,624.64. Because of the work required to reply to the Commissioner's opposition, attorneys' fees and costs now amount to $10,406.27.[1] Plaintiff is accordingly awarded $10,406.27 in attorneys' fees and costs.

IT IS SO ORDERED.

Dated: December 15, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5

## **ENDNOTES**

1. Total award = (7 hours * $166.46/hour) + (48 hours * $172.85/hour) + $162.62 costs - (0.5 hours * $172.85/hours, as reduction for clerical work) + (5 hours * $172.85/hour for reply brief) + $3.80 reply costs = $10,406.27.